**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENWOOD DIVISION**
C.A. No. ___0-23-cv-940-DCC-PJG___

Charles Christian Matt,

                                        Plaintiff,

        v.

The United States of America,

                                        Defendant.

## COMPLAINT

Plaintiff, complaining of the Defendant named above, would respectfully show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1.      Plaintiff Charles Christian Matt seeks damages from Defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.  Accordingly, this Court has jurisdiction of this case pursuant to 28 U.S.C. § 1346(b)(1).

2.      The location of acts pertinent to this lawsuit occurred in Edgefield County, South Carolina, and venue is therefore proper in this Court.

## PARTIES

3.      Plaintiff Charles C. Matt is a resident of Greenwood County, South Carolina, and a former inmate at the Federal Correctional Institution in Edgefield County ("FCI-Edgefield"), South Carolina.

4.      Defendant is the United States of America.

## PROCEDURAL POSTURE

5.      Plaintiff filed a pending Complaint on April 5, 2022, alleging that he was severely

1

injured in an assault on June 24, 2020, as a result of negligent acts or omissions of the Bureau of Prisons. *Charles Christian Matt v. The United States of* America, C.A. No. 0:22-cv-01092-DCC-PJG, ECF No. 1 (hereinafter "Case No. -01092"). Defendant moved to dismiss the Complaint on June 17, 2022, asserting, *inter alia*, that Plaintiff's claims were barred by the discretionary function exception to the Federal Tort Claims Act. (Case No. -01092, ECF No. 7.) In pertinent part, Defendant moved to dismiss one allegation of Plaintiff which stated that Defendant was negligent and grossly negligent in "[f]ailing to keep confidential non-public information about Plaintiff which prompted other inmates to threaten and seek retribution against Plaintiff, thereby placing him in jeopardy of retribution and assault and battery by other inmates." (Case No. -01092, Complaint, ECF No. 1 at ¶ 25(e).) Defendant asserted the Court lacked subject matter jurisdiction over this particular claim or allegation because Plaintiff had failed to exhaust his administrative remedy by including it in his administrative claim submitted to the Bureau of Prisons. (Case No. -01092, Def. Mot. to Dismiss, ECF No. 7, pp. 12-16.)

6.      Plaintiff filed a memorandum in opposition to the motion to dismiss. (Case No. -01092, ECF No. 13, 13-1 to 13-9.) Plaintiff argued the particular allegation was included in his original administrative claim. Plaintiff also timely submitted a second or supplemental administrative claim to the Bureau of Prisons on June 21, 2022, explicitly raising the particular allegation challenged by Defendant, within the two-year deadline contained in 28 U.S.C. § 2401(b). (Case No. -01092, ECF No. 13-9.) The Bureau of Prisons acknowledged receiving the second or supplemental claim on June 22, 2022. (Case No. -01092, ECF No. 28-1.)

7.      Following the magistrate's report and recommendation, the Honorable Donald C. Coggins, Jr., on October 25, 2022, denied Defendant's motion to dismiss in part and granted it in part. The Court denied Defendant's motion to dismiss Plaintiff's Complaint based on the

2

discretionary function exception, but granted Defendant's motion to dismiss, without prejudice, the above-stated claim or allegation because Plaintiff had not exhausted his administrative remedy by submitting it to the Bureau of Prisons. (Case No. -01092, ECF No. 43.) As a result, the above-stated claim or allegation contained in paragraph 25(e) was stricken from the Complaint in Case No. -01092.

8.     The Bureau of Prisons has not denied or otherwise responded to Plaintiff's claim filed June 21, 2022. The six-month period for the Bureau of Prisons to review and respond to the claim expired December 18, 2022. *See* 28 U.S.C. § 2675(a) (providing that "the failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section").

9.     Plaintiff now files this Complaint to raise the previously stricken allegation.

**FACTUAL ALLEGATIONS**

10.     Plaintiff Charles Christian Matt was an inmate who was confined in the custody of the federal Bureau of Prisons from in or about December 2019 until March 2021.

11.     While housed at FCI-Edgefield in 2020, one or more inmates began trying to extort Plaintiff by threatening to reveal that he had cooperated with federal prosecutors and testified against another inmate in a wire fraud and money laundering prosecution. The inmates threatened to brand Plaintiff as a "snitch," thereby exposing him to violent retribution in prison, if Plaintiff or his family did not pay money to them.

12.     The inmates showed homemade weapons to Plaintiff while threatening him. On information and belief, the threatening inmates were members of a known gang.

13.     Plaintiff reported the threats to one or more correctional officers and was twice

placed in protective custody or administrative detention in 2020.

14.     However, correctional officers, supervisors or staff twice returned Plaintiff to a general population dorm and assured him that he was not in any danger.

15.     On information and belief, correctional officers, supervisors or staff negligently and wrongfully revealed non-public information about Plaintiff which prompted other inmates to threaten and seek retribution against Plaintiff, thereby placing him in jeopardy of retribution and assault by other inmates.

16.     On information and belief, correctional officers, supervisors or staff negligently and wrongfully failed to properly and timely investigate threats against Plaintiff, thereby placing him in jeopardy of retribution and assault by other inmates.

17.     On information and belief, correctional officers, supervisors or staff negligently and wrongfully failed to investigate and prevent inmates from extorting and blackmailing fellow inmates and their families, thereby placing Plaintiff in jeopardy of retribution and assault by other inmates.

18.     On information and belief, correctional officers, supervisors or staff negligently and wrongfully belittled and derided Plaintiff and his fears in front of other inmates instead of taking necessary and appropriate action to protect him, thereby placing him in  jeopardy of retribution and assault by other inmates.

19.     On information and belief, correctional officers, supervisors or staff negligently and wrongfully failed to place or maintain Plaintiff in protective custody or transfer him to another facility to protect him.

20.     Plaintiff was placed in protective custody on the second occasion only after he refused to return to his assigned cell due to his fear of the threatening inmates.

4

21.     Instead of heeding Plaintiff's concerns and taking appropriate action to review or investigate the matter and protect Plaintiff from threatening inmates, correctional officers, supervisors and staff charged Plaintiff with the disciplinary offense of refusing a housing assignment on or about March 23, 2020.  He was found guilty and penalized by the loss of privileges.

22.     On or about June 24, 2020, Plaintiff's roommate brutally assaulted him.  On information and belief, the assaulting inmate had been told by one or more other inmates that Plaintiff was a snitch and had testified at trial against another inmate, and that Plaintiff had reported inmates' threats and extortion efforts to correctional officers.

23.     The assaulting inmate began his attack while Plaintiff was asleep.  On information and belief, the assaulting inmate beat Plaintiff with his fists and with rocks or some type of heavy object wrapped in a sock or other clothing.

24.     On information and belief, the assaulting inmate confessed to assaulting Plaintiff.

25.     Plaintiff was severely injured, with numerous bones in his skull and face badly broken and smashed.  Plaintiff was taken by ambulance to the hospital and subsequently admitted for nine days.  Plaintiff's injuries included multiple fractures of the skull in the midface area, multiple fractures of the nasal bones, multiple fractures of the bones around the eyes and side of the face, a traumatic brain injury, a transverse process fracture in the lumbar spine, and multiple cuts and bruises.

26.     Plaintiff underwent two surgical procedures to repair the broken bones in his face. At least six metal plates and multiple screws were permanently placed in his face and head to repair the damaged bones.  In addition, Plaintiff's vision was affected and he has experienced apparently permanent vision problems.  Plaintiff has ongoing tinnitus or ringing in the ears.

5

Plaintiff has ongoing physical pain and suffering, including pain and a burning sensation in his face at times. Plaintiff has ongoing mental and emotional suffering in the nature of post-traumatic stress syndrome, anxiety and depression. Plaintiff has receiving ongoing care and treatment for his physical, mental and emotional injuries.

**FOR A CAUSE OF ACTION**
**Negligence / Gross Negligence**
**Against Defendant United States of America under Federal Tort Claims Act**

27.     The allegations set forth above, not inconsistent herein, are realleged and reiterated as if set forth verbatim.

28.     Defendant United States of America, by and through its employees or agents at the federal Bureau of Prisons, owed Plaintiff a non-delegable duty of care while incarcerated to, among other things, provide a properly secured and reasonably safe environment, to properly place or maintain Plaintiff in protective custody or transfer him to another facility as necessary, to properly investigate and review housing and cell assignments, to properly investigate and prevent inmates from threatening and blackmailing fellow inmates, and to properly investigate, resolve and prevent threats to Plaintiff's safety and assaults and batteries on his person.

29.     On information and belief, Defendant, acting by and through its duly authorized employees or agents, breached its duties of care by acting in a manner that was negligent, grossly negligent and wrongful in one or more of the following ways:

> a)     Failing to keep confidential information about Plaintiff which prompted other inmates to threaten and seek retribution against Plaintiff, thereby placing him in jeopardy of retribution and assault by other inmates.

30.     As a result of the negligent, grossly negligent and wrongful acts of Defendant and the Bureau of Prisons and its employees or agents, Plaintiff has suffered and will continue in the

future to suffer temporary and permanent physical, mental and emotional injuries and distress, temporary and permanent physical and mental disabilities, physical scarring, loss of enjoyment of life, medical expenses, and loss of income or earning capacity..

WHEREFORE, having fully set forth his Complaint, Plaintiff prays for judgment against Defendant for actual damages in the amount of $5,000,000 (Five Million Dollars), the costs of this action, and for any such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PROFFITT & COX, LLP

*s/ David Proffitt*
David Proffitt
Federal Bar ID No. 7503
140 Wildewood Park Drive, Suite A
Columbia, S.C.  29223-4311
Telephone:  (803) 834-7097
Fax:  1-888-711-1057
Email:  dproffitt@proffittcox.com

Attorneys for Plaintiff

March 7, 2023